BARRY J. PORTMAN
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant CHOI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-10-00352 PJH |
| ) | |
| Plaintiff, ) | STIPULATED REQUEST TO CONTINUE |
| ) | HEARING DATE TO FEBRUARY 2, 2011 |
| v. ) | AND TO EXCLUDE TIME UNDER THE |
| ) | SPEEDY TRIAL ACT AND [PROPOSED] |
| ) | ORDER |
| TAE SON LEE ) | |
| JONG MOON CHOI ) | |
| KWANG IL SONG, ) | Hearing Date: November 18, 2010 |
| ) | Time:           9:30 a.m. |
| Defendants. ) | |
| | **The Honorable Laurel Beeler** |

The above-captioned matter is set on November 18, 2010 before this Court for a status hearing. The parties jointly request that the Court continue the matter to February 2, 2011 at 10:00 a.m. before the sitting United States Magistrate Judge, and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), between November 18, 2010 and February 2, 2011.

On April 29, 2010, the Grand Jury charged defendants in a fifty-count indictment with conspiracy, tax evasion and structuring, in violation of 18 U.S.C. § 371, 26 U.S.C. § 7201 and 31 U.S.C. § 5324(a)(3). Defendants face five years imprisonment on each count.

The parties last appeared before the Court on June 29, 2010, when Mr. Choi made his

1  initial appearance in this district. Discovery had not yet been produced, and, at the hearing, the
2  Court ordered the parties to meet and confer regarding the government's proposed protective
3  order. On July 23, 2010, the parties agreed upon a protective order and a motion to unseal the
4  search warrant affidavit, which the Court signed on July 26, 2010.

5  The current status of the discovery is that the government produced the search warrant
6  affidavit, and, on September 16, 2010, it also produced a voluminous amount of electronic
7  discovery (approximately 23 thousand pages). Additionally, there are over sixty banker's boxes
8  of documents in the possession of the government that the defense will need time to index and
9  review once the parties have completed a review of the electronic discovery and can agree on a
10 protocol. Given the voluminous amount of discovery to review in this case, the parties request a
11 continuance until February 2, 2011.

12 The requested continuance will allow defense counsel to continue to review the
13 electronic discovery, to investigate the underlying facts of the case, and to obtain and review
14 additional records on behalf of their clients. For this reason, the parties agree that the failure to
15 grant this continuance would unreasonably deny counsel for defendants the reasonable time
16 necessary for effective preparation, taking into account the exercise of due diligence.

17 The parties further stipulate and agree that the ends of justice served by this continuance
18 outweigh the best interest of the public and the defendants in a speedy trial. Accordingly, the
19 parties agree that the period of time from November 18, 2010 to February 2, 2011, should be
20 excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A)
21 and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due
22 diligence.

23 DATED: November 8, 2010                         /S/
                                                 ANDREW HUANG
24                                               Assistant United States Attorney

25

26

DATED: November 8, 2010
/S/
CHRISTOPHER J. CANNON
Counsel for Defendant Song

DATED: November 8, 2010
/S/
MARTIN A. SCHAINBAUM
BRYANT W.H. SMITH
Counsel for Defendant Lee

DATED: November 8, 2010
/S/
ANGELA M. HANSEN
Assistant Federal Public Defender
Counsel for Defendant Choi

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given that the parties agreed to a protective order in late July 2010 and that the government produced a voluminous amount of electronic discovery (approximately 23 thousand pages) on September 16, 2010;

2. Given that the there are over sixty banker's boxes of documents that the defense will need to index and review once the parties have completed a review of the electronic discovery and can agree to a protocol;

3. Given the need for a lengthy continuance due to the voluminous amount of discovery in this case and the complex nature of the fifty-count indictment;

4. Given that a complete review of the discovery is necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

5. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendants in a speedy trial;

Based on these findings, IT IS HEREBY ORDERED that the STATUS date of November 18, 2010 scheduled at 9:30 a.m., before the Honorable Laurel Beeler, is vacated and reset for February 2, 2011, at 10:00 a.m., before the sitting United States Magistrate Judge. It is FURTHER ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from November 18, 2010 to February 2, 2011.

DATED: November 12, 2010

_____
LAUREL BEELER
United States Magistrate Judge