UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00352 PJH (LB) |
| Plaintiff, | **ORDER** |
| v. | |
| TAE SON LEE, JONG MOON CHOI, and KWANG II SONG, | |
| Defendants. | |

Following the court's evidentiary hearing on June 3, 2011, the court finds and holds as follows.

1. Martin Schainbaum represents defendant Defendant Tae Son Lee, Angela Hansen represents Jong Moon Choi, and Christopher Cannon represents Kwang Il Song. Messieurs Lee and Choi are charged in all counts of the indictment, and Mr. Song is charged only in count one, the conspiracy count.

2. The indictment generally charges conspiracy, tax evasion, and structuring. *See* ECF No. 1. According to the indictment, Mr. Lee was the sole shareholder and corporate officer of a roofing company called Westco, and Mr. Choi was his accountant, bookkeeper, and office manager. *Id.*, ¶¶ 1, 3, 5. The conspiracy generally involved paying employees in cash, not withholding or paying FICA taxes, filing false tax returns that understated employee wages and FICA taxes, and structuring cash withdrawals so that they did not reach the $10,000 reporting level. *Id.*, ¶¶ 14-21.

1  Cash revenues from the roofing business were run through bank accounts in the names of shell
2  corporations called Wise Roofing and Good Service Roofing and then withdrawn to pay employees
3  of Westco in cash. *Id.* ¶¶ 5-6, 8-9, 18-20.  Mr. Song was the nominal sole shareholder and president
4  of Wise Roofing. *Id.*, ¶ 5.  The indictment does not otherwise address his role.

5      3.  Mr. Choi as the point person for Westco approached Mr. Schainbaum in December 2005 after
6  the Internal Revenue Service, Criminal Investigations (IRS-CI) initiated an investigation into
7  Westco and Wise.  Defendant Lee's Reply, ECF No. 67 at 2.  (The factual assertions in the reply are
8  not supported by a publicly-filed declaration but are supported by Mr. Schainbaum's under-seal
9  declarations in the clerk's record at docket entries 57 and 69.)  Among the employees that Mr.
10 Schainbaum met with were Messieurs Lee and Song and another employee, Ms. Hyo Kim-Lau.  In
11 his under-seal declarations, Mr. Schainbaum set forth information about the scope of the
12 representation, his retainer agreements, the conflicts clauses in retainer agreements, his discussions
13 with the clients about conflicts and separate representation, and the facts surrounding the ultimate
14 retention of separate counsel by Messieurs Lee and Choi and Ms. Kim-Lau.  The short version of the
15 facts – as summarized in the public record in Mr. Schainbaum's filing at ECF No. 67 – is that little
16 happened in the investigation, what occurred is set forth in the declarations, and Mr. Schainbaum did
17 not obtain any information adverse to Messieurs Lee or Choi (or Ms. Kim).  ECF No. 67 at 2-3.  At
18 a separate colloquy with his client and during the public-record part of the hearing, Mr. Schainbaum
19 confirmed this, stating explicitly that he did not believe that there was any conflict that could result
20 in a lack of effective assistance of counsel or other prejudice to his current client or to anyone he
21 represented previously and that he had no information adverse to Mr. Song, Mr. Choi, or Ms. Kim-
22 Lau.

23     4.  Mr. Cannon previously represented a witness, Sang Pom Lee, now represented by Douglas
24 Horngrad.  This was stated on the public record and is reflected in Mr. Horngrad's under-seal
25 declaration in the clerk's record at docket entry 65.  Mr. Cannon's interactions with Sang Pom Lee
26 are in the record in his under-seal declaration at docket entry 59.  In the separate colloquy with his
27 client and in the public-record part of the hearing, Mr. Cannon stated explicitly that he did not
28 believe there was any conflict that could result in a lack of effective assistance of counsel or other

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1 prejudice to his current client or his prior client, Mr. Sang Pom Lee, and that he had no information
2 adverse to Mr. Sang Pom Lee.

3     5. The court advised all defendants on the record about the charges, the penalties, their right to
4 conflict-free, independent representation, and the dangers and disadvantages of representation
5 raising potential conflicts like the ones implicated here with prior representation.  The court gave
6 specific examples of dangers from the bench book.  Then the court conducted separate inquiries with
7 each defendant.

8     6. The court conducted separate inquiries with Messieurs Lee and Song.  In each hearing, the
9 court first inquired into their background to ensure the voluntariness of their waivers and their
10 competency to proceed and then discussed the conflict issues particular to them and this case
11 generally.  After a full on-the-record, sealed discussion, each waived on the record any potential
12 conflicts regarding their current representation and prior representations by their current and former
13 lawyers.  For Mr Song, that meant that he waived any issue regarding Mr. Cannon's prior
14 representation of witness Sang Pom Lee and any issue regarding Mr. Schainbaum's prior
15 representation of him, current representation of co-defendant Tae Son Lee, and prior representation
16 of co-defendant Choi and witness Kim-Lau.  For Mr. Lee, that meant he waived any issue regarding
17 Mr. Schainbaum's prior representation of co-defendants Song and Choi and witness Kim-Lau.
18 Based on the colloquies, the court found on the record that each defendant was fully competent and
19 capable of considering the issues regarding the successive and multiple representations, each was
20 aware of the nature and seriousness of the charges and penalties, each understood the right to
21 separate representation, the right to effective assistance of counsel, and the consequences and
22 potential conflicts raised by the successive representations here, and – understanding the
23 consequences and potential conflicts raised by the representations – each waived all potential
24 conflicts regarding their current and prior lawyers.

25     7. Based on the under-seal declaration of Mr. Horngrad, the court also finds that potential
26 witness Sang Pang Lee was fully advised of the potential conflict with Mr. Cannon's current
27 representation of Mr. Song and knowingly and voluntary waived potential conflicts.

28     8. Garrick Lew, who represents Ms. Kim-Lau, attended the hearing and represented that he

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

ORDER (CR 10-00352 PJH (LB))
3

1  would file a declaration similar to Mr. Horngrad's as to Ms. Kim-Lau.

2  9. For the first time at the hearing on June 3, 2011, Ms. Hansen alerted the court that Mr. Choi was not waiving any potential conflict with regard to Mr. Schainbaum, his prior lawyer. Ms. Hansen explained that reaching this conclusion was part of an ongoing process that only resulted in the decision as of June 3. In part, she explained that her concern was based on Mr. Schainbaum's accounting of his conversations with Mr. Choi in his two under-seal declarations.

10. As the court and the parties discussed in the on-the-record proceeding, the different roles of the defendants do raise the potential for adverse interests. Mr. Schainbaum in his public record filing pointed out that the defendants' interests are not adverse in that they are all immigrants with language issues, and the real culprit is an unindicted accountant. *See* ECF 67 at 3. But as the court noted, Mr. Lee is a roofer (albeit the head of the company), Mr. Song is named in the indictment only as a nominal owner of one of the shells, and Mr. Choi is the office manager, bookkeeper, and accountant. He also is a CPA. There is potential for Messieurs Lee and Song to point the finger at Mr. Choi in addition to the unnamed accountant. Similarly, Ms. Hansen's concerns about Mr. Schainbaum's conversations with the three defendants appear to be about what the defendants said to Mr. Schainbaum about their various roles. *See id.* (Mr. Schainbaum discussed the nature of Westco's and Wise's businesses, and the *positions of each defendant in the businesses*) (emphasis added). As a result, while she said explicitly that she was taking no position about whether there was a conflict, at the same time, her client is unwilling to waive the potential conflict. Put another way, based on her knowledge that there was a discussion about the defendants' roles, Ms. Hansen said that she cannot evaluate whether Mr. Schainbaum may actually have information adverse to her client, Mr. Choi (even though Mr. Schainbaum said that he had no adverse information, *see* ¶ 3).

11. One final point relevant to the defendants' potential adverse interests is that the government's theory (co-conspirators shirk taxes by paying in cash) is very different from Mr. Schainbaum's (immigrants are the victims of an unscrupulous unindicted accountant). These theories diverge so widely that – unless the story lines are brought closer together – a trial with the potential for scapegoating Mr. Choi seems likely.

UNITED STATES DISTRICT COURT
For the Northern District of California

Based on the foregoing, the court ordered the following at the hearing.

1. Mr. Lew is directed to file his declaration by June 20, 2011. Mr. Cannon is directed to serve a copy of this order on Mr. Lew and Mr. Horngrad.

2. The court directed the defendants to meet and confer to determine whether any additional information that Mr. Schainbaum may have about the content of his conversations with the defendants may assuage Ms. Hansen's concerns. Ms. Hansen already said she had reviewed drafts of Mr. Schainbaum's prior declarations, and unless there is a good reason that Mr. Schainbaum wants to bring to the court's attention, he should share the final versions with her. The parties should put any agreements on facts in a joint declaration of undisputed facts. If appropriate, it may be filed under seal. Ms. Hansen has not yet filed any declaration about separate facts relevant to her conclusion that her client cannot waive his potential conflict. She should, particularly given that so far, she is not taking a position that there is a conflict, only that her client cannot waive any potential conflict.

3. To date, the court has only the government's general overview of some of the cases that apply to conflicts that may arise in joint representation or successive representation. That is because – as the government pointed out – it was seeking only to have an on-the-record waiver of any potential conflict. The outstanding issue now is Mr. Choi's waiver, or rather, the likelihood that he will not waive any potential conflict. As counsel for Messieurs Lee and Song pointed out, the case law reveals a tension between potential conflicts (and the court's discretion to resolve those tensions by disallowing successive or joint representation) and a defendant's right to his counsel of choice, particularly when he is retaining that lawyer (as Mr. Lee is here). Mr. Lee was adamant that he wants Mr. Schainbaum to continue to represent him. The issue not briefed by the parties is – in the context of a potential conflict here based on defendants' respective roles in a situation where Mr. Schainbaum has stated on the record that he has no information adverse to either Mr. Choi or Mr. Song – whether Mr. Choi's concern about a potential conflict based on Mr. Schainbaum's prior representation of him essentially allows him to kick Mr. Schainbaum off the case, despite Mr. Lee's desire to retain Mr. Schainbaum as his lawyer. Also, an issue exists about the effect of any prior waiver by Mr. Choi (written or oral). Thus, the court directed supplemental briefing as follows: (1)

ORDER (CR 10-00352 PJH (LB))

5

government's brief due June 13, 2011; (2) defendants' opposition (together with any joint declaration of undisputed facts and any separate declarations) due June 20, 2011; and (3) government's optional reply brief due June 24, 2011 (if possible) or June 27, 2011 at noon (if not).

4. The court sets a further hearing for June 30, 2011, at 11 a.m.

**IT IS SO ORDERED.**

Dated: June 6, 2011

_____
LAUREL BEELER
United States Magistrate Judge