United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

TAE SON LEE et al,

    Defendants.

_____/

No.  CR 10-0352 PJH

**ORDER GRANTING MOTION TO DISQUALIFY COUNSEL**

The government's motion to disqualify defendant Tae Son Lee's ("Lee") counsel, Martin Schainbaum, came on for hearing before the court on September 7, 2011.  Attorney Martin Schainbaum appeared for defendant Lee; attorney Chris Cannon appeared for codefendant Kwang Il Song ("Song"); Assistant Federal Public Defender Angela Hansen appeared for defendant Jong Moon Choi ("Choi"); and Assistant United States Attorney Andrew Huang appeared for the government.  In granting the government's motion, the court ruled on several issues on the record as follows.

    1.    Lee's Sixth Amendment right to counsel of his choice is not absolute, and does not trump his codefendant Choi's due process rights given the existence of both actual and potential conflicts of interest in this case.  *See United States v. Wheat*, 486 U.S. 153, 159-60 (1988); *United States v. Rewald*, 889 F.2d 836, 858 & n. 19 (9th Cir. 1989).

2. There is no evidence that Choi provided an informed written consent or a written waiver of any conflicts of interest associated with either Schainbaum's simultaneous or subsequently successive representation of codefendant Lee. *See* Cal. R. Prof. Conduct 3-310(C) (requiring "informed written consent"). Even if a written waiver was not required, there is also no evidence that Choi provided a knowing and intelligent, and fully-counseled oral waiver of any conflicts of interest. *See United States. v. Schwayder*, 312 F.3d 1109, 1117-18 (9th Cir. 2002); *Lockhart v. Terhune*, 250 F.3d 1223, 1232 (9th Cir. 2001) (defendant's waiver of a conflict of interest must be knowing and intelligent, such that the defendant was sufficiently informed of the consequences of his choice).

3. An actual conflict of interest exists given that Schainbaum represented both Choi and Lee in this very case and that Choi is now cooperating with the government, and given that it now it appears that Lee's defense will be that Choi was more culpable than him. *See Schwayder*, 312 F.3d at 1118.

4. A potential conflict of interest also exists given that Choi, as Schainbaum's client, presumptively shared confidential information with Schainbaum, and the likelihood that Schainbaum, as Lee's current attorney, will be in the position of cross-examining Choi at trial and potentially utilizing this presumptively confidential information. *See Thomas v. Municipal Court*, 878 F.2d 285, 288-89 (9th Cir. 1989) (in cases of successive representation, "[i]f there is reasonable probability that confidences were disclosed which could be used against the former client in the later adverse representation, a substantial relationship between the two cases will be presumed"); *see also Flatt v. Superior Court*, 9 Cal.4th 275, 283-84 (Cal. Sup. Ct. 1994) (discussing Cal. R. Prof. Conduct 3-310(C), and concluding that "[w]here the requisite substantial relationship between the subjects of the prior and the current representations can be demonstrated, access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is presumed").

In conclusion, given the existence of both an actual and potential conflict of interest, the absence of a valid waiver by codefendant Choi, and the serious challenge that these

conflicts pose to the integrity of these proceedings, the court GRANTS the government's motion to disqualify Schainbaum for the reasons set forth on the record at the September 7, 2011 hearing, and as memorialized in this order.

**IT IS SO ORDERED.**

Dated: September 8, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge